it could not be given the effect of an amendment to the record so far as the prayer for, and allowance of, an appeal is concerned.

After the nominal bill of exceptions last mentioned had been filed in this court, leave was obtained to withdraw it for the purpose of having it signed. When it was refiled it had been signed by another judge, nearly a year after the judgment was entered and the appeal allowed. A motion has been made by appellee to strike this bill of exceptions from the records of this court. In view of the conclusion we have reached as to the motion to dismiss the appeal, it will not be necessary for us to consider this second motion.

For the reasons stated, the appeal will be dismissed.

*Appeal dismissed.*

**Hattie J. Brown, Appellant, v. Edward M. Brown, Appellee.**

**Gen. No. 19,895.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Transferred to Supreme Court. Opinion filed April 23, 1914.

### Statement of the Case.

Bill by Hattie J. Brown against Edward M. Brown praying for a divorce on the grounds of cruelty and adultery. The bill alleged that after the marriage complainant bought real estate with her own money, that the defendant without complainant's knowledge and consent procured the insertion of his name as a grantee jointly with complainant, and that defendant thereafter refused to release to her his interest thus acquired. The bill prayed for a decree requiring de-

Brown v. Brown, 186 Ill. App. 88.

fendant to execute such release and convey to complainant all his interest in the real estate. The court dismissed the bill for want of equity, and complainant appeals.

The appellant assigned as errors the action of the court in refusing a decree of divorce and also in refusing to require appellee to release and convey to complainant his interest in said real estate.

CHYTRAUS, HEALY & FROST and EDWIN WHITE MOORE, for appellant.

BLUIM & TEED, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 147*—*when decree in divorce proceeding involves a freehold.* A decree dismissing a bill for divorce *held* to involve a freehold authorizing a transfer of an appeal perfected in the Appellate Court to the Supreme Court, where the pleadings presented two distinct issues, one whether complainant was entitled to a divorce and the other whether she was entitled to a ·decree for a conveyance of real estate.

2. APPEAL AND ERROR, § 1718*—*when freehold not waived by appeal to Appellate Court.* Praying and perfecting an appeal to the Appellate Court and assigning errors which such court has jurisdiction to determine, *held* not to constitute a waiver or abandonment of the question whether a freehold is involved, where the appellant made his motion for a transfer of the appeal to the Supreme Court before any briefs or abstracts were filed in the Appellate Court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.